IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY McCOY,

    Plaintiff,

v.                                                          Civil Action No. 3:11CV409

STRIKE FORCE OFFICER HARRISON,

    Defendant.

MEMORANDUM OPINION

Anthony McCoy, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. McCoy contends Defendant Harrison used excessive force against his person in violation of the Eighth Amendment.[1] The matter is before the Court on Defendant Harrison's motion for summary judgment on the ground that McCoy failed to exhaust his administrative remedies. McCoy has responded. The matter is ripe for disposition.

I. Summary of Relevant Allegations

On June 8, 2011, McCoy was incarcerated in Sussex One State Prison ("Sussex I"). On that date, McCoy alleges Defendant Harrison, along with a number of other correctional officers, came to McCoy's cell for a "shakedown." (Compl. 5.) When McCoy did not comply with the correctional officers' directions in a sufficiently swift manner, Defendant Harrison and the other correctional officers "threw [McCoy] around the floor, repeatedly making sure they kicked [his] back." (*Id.* at 5 (capitalization corrected).) Thereafter, Defendant Harrison strangled McCoy and threw a cup of water on McCoy. On June 17, 2011, the Court received McCoy's Complaint. (*Id.* at 2.)

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

## II. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n. 7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only cited materials, but it may consider other materials in the record.").

Defendant Harrison asks the Court to dismiss McCoy's claim because McCoy failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendant Harrison bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of his motion for summary judgment, Defendant Harrison submits the affidavit of

2

A. Fowlkes-Miller, the Institutional Operations Manager at Sussex I (Mem. Supp. Mot. Summ. J. Ex. I ("Fowlkes-Miller Aff.")), Virginia Department of Corrections ("VDOC") Operating Procedure § 866.1 (*id.* Encl. A ("Operating Procedure § 866.1")), and copies of the grievance material submitted by McCoy (*id.* Encl. B).

McCoy submitted an unsworn "ANSWER TO ANSWER OF DEFENDANT(S)" ("McCoy's Answer"). This document is not admissible evidence and, thus, will not be considered. Fed. R. Civ. P. 56(c)(4). Attached to McCoy's Answer, however, is an "Offender Grievance Response - Level I." (McCoy's Answer Attach.) Defendant Harrison fails to suggest why the Court should not consider the "Offender Grievance Response - Level I" in assessing the propriety of summary judgment. *See* Fed. R. Civ. P. 56(c)(2) (placing the responsibility on the adverse party to object that "a fact cannot be presented in a form that would be admissible in evidence").

In light of the foregoing principles and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment.

### III. Summary of Pertinent Facts

#### A.  VDOC's Grievance Procedure

Operating Procedure § 866.1, Inmate Grievance Procedure, is the mechanism used to resolve inmate complaints at Sussex I. (Fowlkes-Miller Aff. ¶ 4.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. (Operating Procedure § 866.1.V.A.) Generally, a good faith effort requires the inmate to file an informal complaint

3

form. (*Id.* § 866.1.V.A.1.) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out a standard form. (*Id.* § 866.1.VI.A.2.)

"The original *Regular Grievance* (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have expired from the date the *Informal Complaint* was logged without the offender receiving a response, the offender may submit a *Grievance* on the issue and attach the *Informal Complaint* receipt as documentation of the attempt to resolve the issue informally." (*Id.* § 866.1.V.A.2.) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

1. **Grievance Intake Procedure**

Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance. (*Id.* § 866.1.VI.B.) A grievance meeting the criteria for acceptance is logged in on the day it is received, and a "*Grievance Receipt*" is issued to the inmate within two days. (*Id.* § 866.1.VI.B.2.) If the grievance does not meet the criteria for acceptance, prison officials complete the "*Intake*" section of the grievance and return the grievance to the inmate within two working days. (*Id.* § 866.1.VI.B.3.) If the inmate desires a review of the intake decision, he or she must send the grievance form to the Regional Ombudsman within five calendar days of receipt. (*Id.* § 866.1.VI.B.4.)

## 2. Grievance Appeals

Up to three levels of review for a regular grievance exist. (*Id.* § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (*Id.* § 866.1.V.C.1.) If the offender is dissatisfied with the determination at Level I, he may appeal the decision to Level II, a review which is conducted by the Regional Administrator, the Health Services Director, or the Chief of Operations for Offender Management Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she may pursue an appeal to Level III. (*Id.* § 866.1.VI.C.2.f.)

### B. McCoy's Grievance Related Submissions

On June 8, 2011, McCoy submitted two Informal Complaints wherein he complained that he had been assaulted by correctional staff on June 8, 2011. (Fowlkes-Miller Aff. Encl. B June 8, 2011 Informal Compls.) On June 10, 2011, Sussex I staff received his Informal Complaints. (*Id.*) On June 16, 2011, Mr. Perkins responded to McCoy's first Informal Complaint. (*Id.* Encl. B Informal Compl. Resp. June 16, 2011.) Mr. Perkins stated that "there is no evidence of abuse or assault" to support McCoy's Informal Complaint. (*Id.*) McCoy's second informal grievance was marked repetitive and returned to McCoy. (Fowlkes-Miller Aff. ¶ 9.)

On June 10, 2011, McCoy wrote a regular grievance wherein he complained that Strike Force Officer Harrison and other officers assaulted him in his cell. (*Id.* Encl. B Regular Grievance.) The Regular Grievance was twice returned to McCoy because it did not contain the required information.[2] (Fowlkes-Miller Aff. ¶ 11.) On June 17, 2011, McCoy resubmitted the

---

[2] During his initial submissions, McCoy failed to attach a copy of his Informal Complaint and failed to state the date of the assault. (Fowlkes-Miller Aff. ¶ 11.)

5

Regular Grievance with all the required information.[3] (*Id.* ¶ 11.) "A [L]evel I response, dated July 22, 2011, was provided to McCoy and advised him that an investigation was conducted into his complaint and that there was no evidence that he'd been assaulted. McCoy's grievance was unfounded." (*Id.* ¶ 12.) "McCoy did not appeal the grievance to Level II, Regional Administrator." (*Id.* ¶ 13.)[4]

Nevertheless, the record contains a copy of an "Offender Grievance Response - Level I" (McCoy's Answer Attach.) In that document, McCoy expresses his desire to appeal the Level I decision to Level II. (*Id.*) That document also bears a stamp that reflects "RECEIVED Aug - 3 2011 Ombudsman Unit Eastern Region." (*Id.*) The record, however, does not contain any evidence of a response from Level II.

### IV. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

---

[3] On that same date, the Court received the Complaint in the present action. (Compl. 2.) The envelope that contained the Complaint bears a postmark of June 15, 2011. (Docket No. 1-1.)

[4] In his Answer, McCoy states, "I did mail the Regional Director my appeal to the grievance I filed about Defendant Harrison savagely beating me." (McCoy's Answer 4.)

"'Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing . . . to determine if exhaustion has occurred.'" *Carpenter v. Hercules*, No. 3:10cv241-HEH, 2012 WL 1895996, at *4 (E.D. Va. May 23, 2012) (omission in original) (*quoting Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003). McCoy did not file his grievance *and* pursue it through all available levels of appeal, prior to bringing his or her action to court. *See Woodford*, 548 U.S. 90. Rather, McCoy properly submitted his Regular Grievance pertaining to the alleged assault on his person simultaneously with the filing of the present action. Because McCoy did not submit the Regular Grievance and pursue all available levels of appeal with respect to the Grievance prior to bringing his present complaint, he failed to satisfy 42 U.S.C. § 1997e(a). *See Johnson*, 340 F.3d at 628 (emphasizing that "section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action" (*citing McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002); *Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001); *Jackson v. Dist. of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 538 (7th Cir. 1999))).

Accordingly, Defendant Harrison's Motion for Summary Judgment (Docket No. 15) will be GRANTED. The action will be DISMISSED WITHOUT PREJUDICE.[5]

An appropriate Order shall issue.

Date: 12/14/12
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[5] The record is not clear whether McCoy exhausted his administrative remedies after filing the action. Accordingly, the Court declines to dismiss the action with prejudice.